IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Andre Willis, | ) | Civil Action No. 5:20-cv-01278-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Phelts, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Andre Willis, proceeding *pro se*, filed for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (2008) ("Habeas Petition"). (ECF No. 1.) The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 16.)

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 16 at 1–2.) Petitioner is currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. (*Id.*) He was convicted of conspiracy to possess with intent to distribute cocaine and sentenced to one-hundred twenty (120) months of imprisonment and sixty (60) months of supervised release. (*Id.*) Petitioner's supervised release was revoked and he was sentenced to six (6) months of imprisonment. (*Id.*) The Magistrate Judge determined that this Habeas Petition should be dismissed because "Petitioner is required to exhaust his administrative remedies within the [Federal Bureau of Prisons] before submitting a [Section] 2241 petition in this case." (*Id.* at 2 (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (citations omitted).) While Petitioner claims that it is futile for him to exhaust the administrative remedies because he does not have enough time, the Magistrate Judge concluded that his "argument is insufficient to excuse his lack of exhaustion." (*Id.* at 3 (citing *Yannucci v. Stansberry*, Action No 2:08CV561, 2009 WL 2421546, at *3 (E.D. Va. Jul. 28, 2009) (citations

omitted)).)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *See Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Yet, even though *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court

into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

The record indicates that objections to the Report are due by April 30, 2020, and that Petitioner has failed to respond. (*See* ECF No. 16.) In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant Habeas Petition. (ECF No. 49.) Thus, because there are no specific objections filed by either party and there is no clear error in the record, the court adopts the Report. *See Diamond*, 416 F.3d at 315; *see also Camby*, 718 F.2d at 199.

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16), and **DISMISSES** Petitioner Andre Willis' Petition for Writ of Habeas Corpus (ECF No. 1) without prejudice. Furthermore, Petitioner's Emergency Motion to Expedite Proceedings (ECF No. 2) is **MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 30, 2020
Columbia, South Carolina